UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| DWIGHT MARTIN AND JANET MARTIN | * | CIVIL ACTION NO. 23-____ |
| | * | |
| VERSUS | * | JUDGE: |
| | * | |
| LIBERTY MUTUAL INSURANCE COMPANY | * | MAGISTRATE: |

## NOTICE OF REMOVAL

Liberty Mutual Fire Insurance Company, improperly named as Liberty Mutual Insurance Company,[1] ("Liberty") respectfully submits this Notice of Removal. In support of this Notice of Removal, Liberty states as follows:

### INTRODUCTION

1. On August 16, 2023, Plaintiffs Dwight Martin and Janet Martin commenced this action in state court. *See* State Court record, attached as Exhibit A, *in globo*.

2. Plaintiffs allege residence in St. Charles Parish, Louisiana and ownership of the property located at 2365 Ormond Boulevard, Destrehan, Louisiana 70047 that is the subject of this litigation. Petition at introductory paragraph and ¶ 2.

3. Plaintiff, Dwight Martin, Jr., has a homestead exemption on the property located at 2365 Ormond Boulevard, Destrehan, Louisiana 70047 in St. Charles Parish. Exhibit B, Assessor Record.

---

[1] Liberty Mutual Fire Insurance Company, not Liberty Mutual Insurance Company, issued policy H3229181849001 to Dwight D. Martin, Jr. for the property located at 2365 Ormond Boulevard, Destrehan, Louisiana 70047.

4. Plaintiff Dwight Martin is registered to vote in St. Charles Parish. Exhibit C, Dwight Martin Voter Registration Record.  Plaintiff Janet Martin is registered to vote in St. Charles Parish. Exhibit D, Janet Martin Voter Registration Record.

5. Plaintiffs are citizens of Louisiana.

6. Plaintiffs allege that the property located at 2365 Ormond Boulevard, Destrehan, Louisiana 70047 sustained damage from Hurricane Ida. Petition at ¶ 2–3.

7. The Petition names Liberty Mutual Insurance Company as the defendant. *See* Petition at ¶ 1.

8. Liberty Mutual Insurance Company is a diverse, non-Louisiana citizen.

9. Liberty Mutual Fire Insurance Company, not Liberty Mutual Insurance Company, issued policy H3229181849001 to Dwight D. Martin, Jr. for the property located at 2365 Ormond Boulevard, Destrehan, Louisiana 70047. Liberty Mutual Fire Insurance Company – not Liberty Mutual Insurance Company – is the proper defendant. *See* Exhibit E (Declaration) and E-1 (Policy).

10. Liberty Mutual Fire Insurance Company is a diverse, non-Louisiana citizen.

11. This action was filed in the 29th Judicial District Court, Parish of St. Charles, State of Louisiana, captioned *Dwight Martin and Janet Martin versus Liberty Mutual Insurance Company*, Docket no. 92607, Div. "E."

12. Prior to filing suit, Plaintiffs sent a demand from Gurtler Bros. totaling $181,202.81 -- $166,193.36 for the dwelling, $6,740.41 for other structures, and $8,629.04 for contents. *See* Exhibit E-2, Demand.

13. Even considering the $4,714 deductible and prior payments of $4,351.59 under the dwelling coverage, $6,302.27 under the other structures coverage, and $1,054.87 under the contents coverage, Plaintiffs seek $157,127.77 in dwelling damage, $438.14 in other structures damage,

and $7,574.17 under the contents coverage, or $165,140.08 total. The estimate alone evidences that the amount in controversy exceeds $75,000. *See Dana Gauthier v. Liberty Mutual Insurance Company*, No. 22-00115 (W.D. La. 02/22/2022) (recognizing that a contractual dispute of only $30,000, accompanied by claims for penalties, damages, and fees under Revised Statutes 22:1892 and 22:1973, satisfies the jurisdictional threshold for removal).

14. This Court has jurisdiction under 28 U.S.C. § 1332 and 28 U.S.C. § 1441 because there exists complete diversity of citizenship and the amount in controversy for Plaintiffs' claim exceeds the sum of $75,000, exclusive of interests and costs.

15. The 29th Judicial District Court, Parish of St. Charles, State of Louisiana, is a state court within the Eastern District of Louisiana.

16. Liberty has attached all pleadings filed in the record of the state court proceeding. *See* Exhibit A, *in globo*.

## REMOVAL IS TIMELY

17. This Notice of Removal is timely filed under 28 U.S.C. § 1446(b).

18. The removal statute provides:

> The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.
> . . .
> [If] the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

28 U.S.C. § 1446(b).

19. Plaintiffs filed suit on August 16, 2023, and Liberty was served with the petition on August 24, 2023. *See* Exhibit A.

20. This removal is being filed within thirty (30) days of service of the petition on Liberty. 28 U.S.C. § 1446.

21. Plaintiffs filed the petition on August 16, 2023, so the original notice of removal is being filed within one year of commencement of the action. *See* Exhibit A.

## DIVERSITY JURISDITION

22. The Court has original diversity jurisdiction over Plaintiffs' claim because the parties are completely diverse, and Plaintiffs' alleged damages exceed $75,000 as demonstrated by Plaintiffs' estimate and claims for bad faith penalties, attorneys' fees, and general and equitable relief even when considering the $4,714 deductible and prior payments of $4,351.59 under the dwelling coverage, $6,302.27 under the other structures coverage, and $1,054.87 under the contents coverage.[2]

### *The Parties Are Completely Diverse*

23. Plaintiffs are domiciled in Louisiana. Plaintiffs allege residence in Louisiana and ownership of the property that is the subject of this suit in Louisiana. Petition at introductory paragraph and ¶ 2. Plaintiff Dwight Martin is registered to vote in St. Charles Parish. Exhibit C, Dwight Martin Voter Registration Record.  Plaintiff Janet Martin is registered to vote in St. Charles Parish. Exhibit D, Janet Martin Voter Registration Record. Accordingly, Plaintiffs are Louisiana citizens.

---

[2] Liberty specifically denies that any bad faith penalties, attorney fees, or other damages are owed.

24. Liberty Mutual Insurance Company is a company organized and existing under the law of the State of Massachusetts, with its principal place of business at 175 Berkeley Street, Boston, Massachusetts. *See* La. Department of Insurance Form, attached as Exhibit F. Accordingly, Liberty Mutual Insurance Company is a citizen of Massachusetts for the purposes of diversity jurisdiction.

25. Liberty Mutual Fire Insurance Company is a company organized and existing under the law of the State of Wisconsin, with its principal place of business at 175 Berkeley Street, Boston, Massachusetts. *See* La. Department of Insurance Form, attached as Exhibit G. Accordingly, Liberty Mutual Fire Insurance Company is a citizen of Wisconsin and Massachusetts for the purposes of diversity jurisdiction.

### *The Amount in Controversy Exceeds $75,000*

26. Liberty, as the removing party, "must prove by a preponderance of the evidence that the amount in controversy exceeds [$75,000]." *St. Paul Reins. Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998). The removing party can meet this burden by demonstrating that it is facially apparent from the petition that the claims likely are above $75,000, or, where it is not facially apparent, by setting forth facts in controversy that support such finding. *Id.* at 1253-54.

27. Under Fifth Circuit precedent, "the sum claimed by the plaintiff controls if the claim is apparently made in good faith." *St. Paul Reins. Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998).

28. Prior to filing suit, Plaintiffs sent a demand from Gurtler Bros. totaling $181,202.81 -- $166,193.36 for the dwelling, $6,740.41 for other structures, and $8,629.04 for contents. *See* Exhibit E-2, Demand.

29. Here, Plaintiffs seek damages under Liberty Mutual Fire Insurance Company homeowners policy number H3229181849001 with coverage limits of $235,700 for damage to dwelling, $23,570 for damage to other structures, $176,780 for damage to contents, and actual loss sustained, for up to twelve months, for loss of use damages. *See* Declaration, attached as Exhibit E, and Exhibit E-1 (Policy). The windstorm deductible is $4,714. *Id*.

30. To date, Liberty has paid Plaintiffs $4,351.59 under the dwelling coverage, $6,302.27 under the other structures coverage, $1,054.87 under the contents coverage, and $1,018.84 under the loss of use coverage. *See* Declaration, attached as Exhibit E.

31. When the prior payments of $4,351.59 under the dwelling coverage, $6,302.27 under the other structures coverage, $1,054.87 under the contents coverage, and the $4,714 deductible are subtracted from the alleged $166,193.36 in dwelling damage, $6,740.41 in other structures damage, and $8,629.04 in contents damage, Plaintiffs seek $157,127.77 in dwelling damage, $438.14 in other structures damage, and $7,574.17 under the contents coverage, or $165,140.08 total.

32. Among other claims, Plaintiffs also seek bad faith penalties, attorney fees, and general and equitable relief, bringing the amount in controversy well above $75,000.[3] Petition at ¶ 9 and prayer.

33. The amount in controversy requirement is clearly met.

## CONCLUSION

34. In conclusion, there exists complete diversity of citizenship between Plaintiffs and Liberty. Plaintiffs have presented to Liberty an estimate for alleged hurricane repairs seeking $166,193.36 in dwelling damage, $6,740.41 in other structures damage, and $8,629.04 in

---

[3] Liberty specifically denies that any bad faith penalties, attorney fees, or additional damages are owed.

contents damage. Even when prior payments and the deductible are considered, the amount in controversy requirement is clearly met. Plaintiffs' claims for bad faith penalties, attorney fees, and general and equitable relief under Louisiana Revised Statutes 22:1892 and 22:1973 push the amount in controversy well above $75,000, although Liberty disputes these claims. These facts confer upon this Court original jurisdiction under 28 U.S.C. § 1332 and 28 U.S.C. § 1441. Accordingly, Liberty respectfully requests that this Court assume full jurisdiction over this cause as provided by law.

Respectfully submitted,

  /s/ Christopher W. Smith
H. Minor Pipes, III, 24603
Patrick J. Lorio, 38328
Christopher W. Smith, 35324
PIPES | MILES | BECKMAN, LLC
1100 Poydras Street, Suite 3300
New Orleans, Louisiana 70163
Telephone: (504) 322-7070
Fax: (504) 322-7520
mpipes@pipesmiles.com
plorio@pipesmiles.com
csmith@pipesmiles.com

*Attorneys for Liberty Mutual Fire Insurance Company*